CarutheRS, J.,
delivered the opinion of the Court.
James Rippy ivas indicted in the' Circuit Court of Bedford county for the murder of Houston Porter, and convicted of murder in the second degree, and sentenced to twenty-one yeais confinement in the penitentiary.
The verdict is well sustained by the testimony. The defence, it seems, was rested upon the existence or apprehension of danger to himself at the time of the homicide. It is now insisted there is error in the charge on that doctrine. The objection is confined to this clause.
“It is argued the deceased made violent threats against the life of defendant long before, and up to a short period of the killing, and that these threats coming to the knowledge of defendant, he had a right to *219 kill the deceased on sight. Such is not the opinion of the Court; hut to excuse the defendant, and therefore acquit him, the evidence ought to be such as to have reasonably satisfied the defendant that the deceased, at the time of the killing, -was doing some overt act, or making some demonstration showing a present intention to carry such threats into execution, otherwise it would not excuse him.” '
The law, as thus laid down by the Court, is substantially correct. The doctrine of the Grainger case, as explained by that of Copeland, is undoubtedly the law. Yet no case has been more perverted and misapplied by advocates and juries. We have had one case before us in the last few years, in which the broad proposition . stated in the first of the above extract was charged as law. But for this, and the indications that it has obtained to some limited extent in the legal profession, it would scarcely be deemed necessary to notice it. There is no authority for such a position. It would be monstrous. No Court should for a moment entertain or countenance it. The criminal code of no country ever has, nor, as we presume, ever will, give place to so bloody a principle.
The law on this subject is, that, to excuse a homicide, the danger of life, or great bodily injury, must either be real, or honestly believed to be so at the time, and upon sufficient grounds. It must be apparent and imminent. Previous threats, or even acts of hostility, how violent so ever, will not of themselves excuse the slayer, but there must be some words or overt acts at the time clearly indicative of a present purpose to do the ■ injury. Pa«t threats and hostile actions, or antecedent circum *220 stances, can only he looked to in connection ■with present demonstrations as grounds of apprehension. To constitute the defence, the belief or apprehension of danger must be founded on sufficient circumstances to authorize the opinion that the deadly purpose then exists, and the fear that it will at that time he executed. The character of the deceased for violence, as well as his animosity to the defendant, as indicated by words and actions then and before,- are proper matters for the consideration of the jury on the question of reasonable apprehension. Even if sufficient cause to fear does exist, but the deed is not perpetrated under the apprehension it is calculated to inspire, or the fear is feigned or pretended, the defence will not be available. So a case must not only be made out to authorize the fear of death or great harm, but such fear must he really entertained, and the act "done under an honest and well founded belief that it is absolutely necessary to kill at that moment, to save himself from a like injury. It is scarcely necessary to remark that a real or apparent necessity, brought, about by the design, contrivance, or fault of the defendant, is no excuse.
If any less injury than death or great bodily harm is feared or indicated by the circumstances, the plea of self-defence will not be sustained, but the degree of the crime may be reduced.
According to these principles,. the guilt of the defendant was clearly made out — there was no error in the charge, and the judgment will he affirmed.